(Pleito No. 168.—Fallado en 18 de Enero de 1902.)

## ACEVEDO contra LÓPEZ.

RECURSO contra sentencia dictada por la Corte de Distrito de Mayagüez.

DESAHUCIO.    Procede la acción de desahucio contra el tenedor precario, cuando la posesión civil de la finca se halla inscrita á nombre del demandante y el tenedor no paga merced, sin que baste á destruir los efectos de la inscripción el hecho de figurar el tenedor como contribuyente de la finca y percibir alquileres de sub-arrendatarios.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á diez y ocho de Enero de mil novecientos dos, en el juicio de desahucio de una casa, seguido en la Corte del Distrito de Mayagüez por Don Domingo López de Victoria, propietario, vecino de dicha Ciudad, con Don Pedro Acevedo Rodríguez de la misma vecindad; pendiente ante Nos, en virtud de recurso de casación por infracción de ley interpuesto por el demandado, dirigido y representado por el Letrado Don Manuel F. Rossy, habiéndolo estado el demandante y parte recurrida por el Licenciado Don Herminio Díaz Navarro.—Resultando : Que en Marzo diez de mil novecientos Don Domingo López de Victoria, con una escritura de venta á su favor de una casa, inscrita la posesión en el Registro de la Propiedad en siete de Marzo del año mil novecientos, obtuvo del Tribunal de Mayagüez que se requiriese á Don Pedro Acevedo y Rodríguez, que la vivía en precario, para que la desalojase en el término de treinta días, y como no lo consiguiese, interpuso la correspondiente demanda de desahucio, en siete de Mayo de mil novecientos, fundándolo en su carácter de dueño de dicha casa, y en la causal 3ª del artículo 1,563 de la Ley de Enjuiciamiento Civil.—Resultando : Que señalado día para el juicio verbal y señalado éste, manifestó el demandado su inconformidad con la demanda, por no vivir la casa en precario, por cuya razón se le confirió traslado de la

demanda, y evacuó el trámite solicitando que se declarase sin lugar el desahucio, porque no tiene la casa en precario, por haber pagado las contribuciones correspondientes á la misma, y porque. siempre ha cobrado como dueño los alquileres que produce la planta baja de la misma.— Resultando: Que en el período de prueba trajo el actor certificación del· Registrador de la Propiedad, creditiva de que la única condición resolutoria del pacto de retro con que fué inscrita á favor de Doña Leonor López de Victoria de Sanjurjo la casa en cuestión, quedó resuelta por incumplimiento de dicha condición y consolidado el dominio á favor de la misma señora, quien trasmitió luego la finca libremente á Don José A. Maldonado y Rodríguez, y posteriormente éste al actual dueño Don Domingo López de Victoria.—Resultando: Que la parte demandada como prueba presentó certificación expresiva de que en el ejercicio de mil novecientos á mil novecientos uno figuraba como dueño de la casa; declaración de dos testigos, que afirman que han alquilado á Acevedo habitaciones de la planta baja y le han satisfecho, en concepto de dueño, los alquileres; y posiciones al actor, quien en virtud de ellas confiesa que nunca ha celebrado contratos de ningún género con Don Pedro Acevedo ni con su esposa en que se estipulase que viviesen la casa de que se trata en precario, que solamente ha poseído la casa desde que la compró en dos de Marzo de mil novecientos, que no ha percibido de los inquilinos cantidad alguna, pero que les dijo que desocuparan la casa ó pagasen la mensualidad que acostumbraban, que no ha pagado las contribuciones de la misma, porque esperaba que terminase el año económico para hacer el traspaso del antiguo dueño al declarante López de Victoria.— Resultando: Que continuada la sustanciación del juicio, el Tribunal de Mayagüez, por sentencia de veinte y seis de Febrero del año anterior, declaró haber lugar al desahucio, bajo el apercibimiento de la ley y con imposición al demandado de todas las costas.—Resultando: Que la represen-

tación de Don Pedro Acevedo y Rodríguez interpuso recurso de casación, por infracción de ley, autorizado por los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, alegando haberse infringido: 1º El artículo 1,562 de la Ley de Enjuiciamiento Civil, toda vez que López de Victoria no es parte legítima para promover el juicio de desahucio, porque sólo se le ha trasmitido la posesión, y él mismo confiesa que Acevedo vivía la casa y cobraba los alquileres de los bajos.—2º El artículo 1,563 de la propia Ley Procesal, porque el desahucio se funda en el precario, y esto no es exacto, porque Acevedo figura como dueño de la casa para el reparto de la contribución en el ejercicio de mil novecientos á mil novecientos uno.—3º El principio de que "nadie debe ser privado de sus bienes y derechos sin haber sido previamente oído y vencido en juicio", y bajo el pretexto de desahucio se quiere resolver una cuestión de propiedad ó de posesión de un inmueble.—4º El principio de *sine actione agis*, porque es falsa la causa del precario.—5º El artículo 446 del Código Civil, porque siendo Acevedo actual poseedor de la casa, no puede ser privado de la posesión sino en el juicio correspondiente de propiedad.—6º El artículo 445 del anteriormente citado Código, porque siendo Acevedo poseedor más antiguo, no se le ha respetado en su posesión.—7º Error de hecho y de derecho al apreciar todas las pruebas del juicio, porque los testigos afirman que han alquilado y pagado á Acevedo como dueño los alquileres de las habitaciones bajas de la casa en cuestión, y de derecho, porque de la certificación de la Alcaldía se ve que figura como dueño por la contribución de mil novecientos á mil novecientos uno, cuyas pruebas no se han apreciado bien por el Tribunal sentenciador.—Resultando: Que la parte recurrida impugnó el recurso en el acto de la vista.—Visto: Siendo Ponente el Juez Asociado Don José Mª Figueras Chiqués.—Considerando: Que, comprada la casa en cuestión á nombre y con dinero de Don Domingo López de Victoria, é inscrita la posesión civil de la finca, le da la personalidad que

requiere el artículo 1,562 de la Ley de Enjuiciamiento Civil para ejercitar la acción de desahucio que dedujo contra el demandado, el cual no paga merced ni ostenta más título que le dé derecho á disfrutar dicha casa que la concesión y tolerancia del dueño, revocables á su voluntad siempre que sea, como lo fué en el caso de autos, comunicada al tenedor precario con un mes de anticipación, conforme al número 3º del artículo 1,563 de la citada ley, por cuya razón no se han cometido las infracciones que se alegan en los dos primeros motivos.—Considerando: Que tampoco se han infringido los principios de derecho y disposiciones á que se refieren los motivos 3º, 4º, 5º y 6º, porque toda la doctrina que contienen está subordinada á los efectos que señala á la inscripción de la posesión el artículo 394 de la Ley Hipotecaria, que son los mismos que atribuyen las leyes á la mera posesión, y uno de estos efectos consiste en mantener en ésta al que la tiene inscrita á su favor, mientras no obtenga el que se titula propietario una sentencia en que se declare su preferente derecho y se ordene su inscripción en el Registro de la Propiedad.—Considerando, además: Que las alegaciones del demandado pueden producir los efectos que se propone en otra clase de juicio, pero son extraños á éste, en el cual no pueden resolverse incidentalmente cuestiones que tiendan á destruir la posesión con que por el momento aparece el demandante por el documento inscrito aducido en el pleito y virtualmente reconocido por Don Pedro Acevedo y Rodríguez.—Considerando: Que aunque al combatir la prueba no se cita disposición alguna infringida referente al valor probatorio de la prueba testifical ó documental, es lo cierto que el Tribunal ha apreciado rectamente los dos extremos de la demanda, ó sea, el título en que funda el demandante su derecho y la circunstancia de ocupar Don Pedro Acevedo la casa en precario, puesto que éste no ha acreditado que le pague merced ó canon, y no es bastante á este fin el hecho de figurar como contribuyente de ella para el año de mil novecientos á mil

noventa uno, ni que los vecinos de la planta baja le hayan satisfecho alquileres.—Considerando: Por tanto, que no se ha cometido ninguna de las infracciones que se alegan. —Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto por Don Pedro Acevedo y Rodríguez, al que condenamos al pago de las costas; y líbrese al Tribunal de Mayagüez la certificación correspondiente, con devolución de los autos que ha remitido.—Así por esta nuestra sentencia, que se publicará en la *Gaceta,* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José Mª Figueras Chiqués, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á diez y ocho de Enero de mil novecientos dos.—E. de J. López Gaztambide, *Secretario.*

---

(Pleito No. 169.—Fallado en 31 de Enero de 1902.)

Lópe Arias contra El Registrador de la Propiedad.

Solicitud de un *Mandamus.*

REVOCACIÓN DE UNA ESTIPULACIÓN DE UN TERCERO, EN UN CONTRATO. Una estipulación en favor de un tercero, contenida en un contrato, puede revocarse en cualquier tiempo antes de su aceptación por la persona en cuyo favor se hizo.